**In the Matter of Labor Arbitration Between GENCORP, INC., Petitioner,**

**and**

**LOCAL 850, UNITED RUBBER, CORK, LINOLEUM, AND PLASTIC WORKERS OF AMERICA, AFL–CIO, Respondent.**

**No. C–C–85–348–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 15, 1985.

represented the employees in an arbitration proceeding conducted pursuant to a collective bargaining agreement entered into by Petitioner and Respondent. On February 26, 1985, the arbitrator issued an award reinstating the two employees. Petitioner received its copy of the award the next day, February 27, 1985. Ninety days later, on May 28, 1985, Petitioner filed in this Court its Petition to vacate the arbitrator's award under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Petitioner's grounds for its action to vacate are that the arbitrator acted arbitrarily and capriciously in refusing to consider Petitioner's evidence on an issue, assuring Petitioner that such issue would have no bearing on the arbitrator's decision; and the arbitrator thereafter based his decision squarely upon the disputed issue without the benefit of having considered Petitioner's evidence. Respondent's Motion is based on the allegation that the Petition was untimely filed under the appropriate state statute of limitations.

The single issue raised by this Motion, in the opinion of the Court, is whether the statute of limitations urged by Petitioner, N.C.Gen.Stat. § 1–567.13(b), or that urged by Respondent, N.C.Gen.Stat. § 95–36.9(c), should control this case.[1]

Title 29 U.S.C. § 185, which governs suits for violations of contracts between employers and labor organizations, provides no statute of limitations for actions to vacate or declare unenforceable arbitration awards. In such cases, the settled rule is that the timeliness of such a suit is to be governed by the most clearly analagous statute of limitations under state law. *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983).

The North Carolina General Assembly has provided two statutes which are both

John O. Pollard, Blakeney, Alexander & Machen, Charlotte, N.C., for petitioner.

Charles R. Armstrong, URW Asst. Gen. Counsel, Akron, Ohio, Michael Okum, Smith, Patterson, Follin, Curtis, James & Harkavy, Raleigh, N.C., for respondent.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Respondent's Motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Counsel for both parties have submitted thorough memoranda on the matter which the Court has carefully considered in rendering its opinion that Respondent's Motion should be DENIED.

The Petitioner, Gencorp, Inc., discharged two employees. Respondent, Local 850,

---

1. Other matters raised by the parties are not necessary to consider in light of the Court's decision on the issue of which state statute of limitations should govern.

argued as the most analogous. The Respondent's position is that the most analogous statute which should determine the limitations period here is N.C.Gen.Stat. § 95-36.9, entitled "Stay of proceedings," which provides, at subsection (c)

Any party against whom an arbitration award has been issued may, within *10 days* after receiving written notice of such award, apply to any judge of the superior court having jurisdiction in any county where the dispute arose for *a stay of the award upon the ground that it exceeds the authority conferred by the arbitration agreement.* (Emphasis added).

The most analogous statute according to Petitioner, on the other hand, is N.C.Gen. Stat. § 1-567.13(a)(4) and (b) which provides

### § 1-567.13. Vacating an award.

(a) Upon application of a party, the court shall vacate an award where:

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or *refused to hear evidence material to the controversy* or otherwise so conducted the hearing, contrary to the provisions of G.S. 1-567.6 as to the prejudice substantially the rights of a party;

(b) An application under this section shall be made within *90 days after delivery of a copy of the award* to the applicant except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known. (Emphasis added).

In arguing that Petitioner's action is time-barred by the 10-day limitations period of North Carolina's Voluntary Arbitration of Labor Disputes Act, Respondent states that Act is most analogous since it specifically addresses the arbitration of labor disputes covered by collective bargaining contracts and, its purpose for enactment was to assist in the prompt resolution of labor disputes as set out in the Act's "Declaration of Policy."

Respondent further argues that the 90-day limitation period of the Uniform Arbitration Act specifically provides that it shall not apply to "arbitration agreements between employers and employees or between their respective representatives unless the agreement provides that this article shall apply." N.C.Gen.Stat. § 1-567.2. Thus, because the collective bargaining agreement at the base of this dispute does not specifically provide that the Uniform Arbitration Act shall apply, its limitation period is inappropriate for this determination.

Respondent notes also that the Uniform Arbitration Act was intended to cover commercial and property litigation whereas the Voluntary Arbitration of Labor Disputes Statute was intended to cover labor disputes to avoid industrial strife.

Further, Respondent cites *United States Postal Service v. American Postal Worker's Union, AFL-CIO*, No. 84-437-CIV-5 (E.D.N.C. Jan. 7, 1985) as support for the proposition that N.C.Gen.Stat. § 95-36.9(c) is the appropriate statute. In that case, the Court held the Plaintiff's action barred under N.C.Gen.Stat. § 95-36.9(b), finding that it was the most analogous statute. The Court rejected the use of N.C.Gen.Stat. § 1-567.2(b)(2) because of the specific provision of nonapplicability unless specifically provided otherwise. The Court further rejected plaintiff's argument to use the United States Arbitration Act, 9 U.S.C. § 12, as the determining statute to provide a uniform limitations period; the Court saw no such need.

This Court does not agree with either Respondent or the Court's decision in *United States Postal Service v. American Postal Worker's Union, AFL-CIO, supra,* that the *most analogous* statute in such cases is N.C.Gen.Stat. § 95-36.9. First, the issue which must be addressed is which limitations statute is most analogous for the determination of timeliness, not which Act to apply to the dispute. Neither Act need be applied to the underlying dispute since the controversy here rests solely on the problem of the absence of a limitations

period in the Labor Management Relations Act, and the need for an analogous limitations period provided by a state statute.

■ The most analogous limitations period is set forth in N.C.Gen.Stat. § 1–567.-13(a)(4) and (b) which sets forth a 90-day period after delivery of a copy of an award during which a party must file an action to vacate an award on the ground that the arbitrator "refused to hear evidence material to the controversy." That is the precise situation before the Court and less analogous is N.C.Gen.Stat. § 95–36.9(c) setting forth a 10-day period after receiving written notice of an award during which to apply for a "stay ... upon the grounds that [the award] exceeds the authority conferred by the arbitration agreement." Petitioner applied to the Court to vacate the award ninety days after receiving a copy of the award, and thus, met the limitations period of N.C.Gen.Stat. § 1–567.13(b), the most analogous statute determinative of this case.

IT IS, THEREFORE, ORDERED that Respondent's Motion is DENIED.